# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF

v.                    No. 4:12-cr-271-DPM

JOHN LEE RICHARDSON                    DEFENDANT

## ORDER

Richardson has appealed Magistrate Judge Jerome J. Kearney's pre-trial detention order. *Document No. 13.* On *de novo* review, and to make an "independent determination of the proper pretrial detention or conditions for release," the Court has listened to audio recordings of the 16 and 25 October 2012 hearings and considered all the arguments from Richardson and the United States. *United States v. Maull*, 773 F.2d 1479, 1484 (8th Cir. 1985).

Release is inappropriate where no set of conditions will reasonably assure Richardson's court appearance and the safety of the community. 18 U.S.C. § 3142(g). The United States must prove by clear and convincing evidence that Richardson should not be released. *United States v. Abad*, 350 F.3d 793, 797-98 (8th Cir. 2003). The Court addresses the United States' evidence in light of the factors listed in 18 U.S.C. § 3142(g).

The circumstances around Richardson's arrest provide probable cause that he committed the crimes charged in the indictment — possession with intent to distribute methamphetamine, felon in possession of a firearm, and use of the firearm in the furtherance of a drug-trafficking crime. *Document No. 1.* His prior felony in connection with the alleged possession of a weapon and a large amount of drugs weighs against his release. The evidence against him on the current charges appears to be substantial. He faces a maximum term of imprisonment exceeding ten years.

More recently, Richardson threatened Jennifer Mize outside of the federal courthouse one week after Judge Kearney ordered him released on conditions. Richardson's threats to leave Mize bloody on the courthouse steps, or that she would later be found dead in a ditch, were established by Mize's testimony, which was corroborated by witnesses. The Court credits witness Butera's testimony in particular. Richardson says that Mize was not a possible witness against him, that he had not met Mize until the day of the confrontation, and he therefore violated no condition of his bond. Perhaps. Set the alleged bond violation to one side. The Court must make an independent determination about release. *Maull,* 773 F.2d at 1484. Taking the

record as he argues it, Richardson threatened serious violence against someone he did not know, who was unrelated to his case, who he thought was working against his interests in this case. His misguided and misdirected threats weigh heavily in favor of detention. The evidence is clear and convincing. No set of circumstances will guarantee that Richardson will not threaten the public's safety again if released. Richardson shall therefore be detained pending his trial.

Richardson has also moved for a hearing—he wants to offer new evidence of conditions that, he says, will ensure safety during release from pre-trial detention. The Court appreciates counsel's determined advocacy, but the motion, *Document No. 23*, is denied. No hearing is mandated by statute. 18 U.S.C. § 3145(b). More importantly, the new evidence — that Richardson's family in South Carolina is available to act as third-party custodians— would not alter the balance. Richardson's threats demonstrate his danger to the community, wherever he might be. The Court is also concerned about the increased opportunities presented for flight if Richardson were so far away from this Court.

On its own motion, the Court reschedules Richardson's trial for the week of 29 April 2013. This means three months less of pre-trial detention.

The Speedy Trial Act is not implicated because this setting is three months before the current July 2013 setting.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

15 February 2013